## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-091

APRIL TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Ryan J. McCauley | } | |
| | } | DOCKET NO. 148-2-14 Bncr |
| | } | |
| | | Trial Judge: Nancy Corsones |

In the above-entitled cause, the Clerk will enter:

This is a bail appeal filed pursuant to 13 V.S.A. § 7556(d). On April 4, 2014, the undersigned, sitting as a single justice, conducted a de novo evidentiary hearing. The parties stipulated to the court's consideration of the transcript of the evidence heard by the criminal division, the probable cause affidavits, the photos offered below, a DVD showing defendant's processing at the Vermont State Police station and a letter written by a Veteran's Administration counselor.

FACTS

For purposes of the bail issue only, defendant has stipulated that he has been charged with a violent crime and that the evidence of his guilt is great. The evidence submitted to the court, including the transcript, shows the following.

On February 21, 2014, defendant became involved in an argument with his girlfriend. Both had been drinking. He pushed her down inside the apartment. He then pulled at her legs. In the struggle, he pulled off her pants. She ran out of the apartment and called her mother for help. Defendant then came out of the apartment and pushed complainant down the first flight of stairs to a landing. He pulled her to her feet and attempted to push her down the second flight of stairs. He fell down the stairs with her. Her arm was broken in the fall. She was heavily bruised.

Complainant called 911. When the police arrived, defendant was belligerent and obstructed their attempts to help complainant. He continued to be verbally abusive during his arrest, transport, and processing at the police station. The DVD shows that defendant was alternatively offensive and apologetic to the officers supervising his initial incarceration and medical treatment.

Defendant was charged with aggravated domestic assault, interference with access to emergency services, impeding a public officer, and resisting arrest. He was held without bail

pursuant to 13 V.S.A. § 7553a. Following a bail review hearing, the criminal division continued the hold without bail order. This appeal followed.

Defendant is 31 years old. He is a veteran of the Iraq War. There are indications of a mental disturbance, such as strong mood swings. His prior criminal record consists of one conviction for driving under the influence of alcohol. He is eligible for consideration for an inpatient alcohol treatment unit at the Veterans Administration hospital in White River Junction, Vermont. His father, a former police officer, is willing to take him into his home and provide supervision. Defendant's father lives in a different town than complainant.

Defendant and complainant have been involved in two prior incidents of domestic violence involving the police. Neither resulted in an arrest of either party. On one occasion, defendant's nose was bleeding when the police arrived.

ANALYSIS

The State has the burden of proof by clear and convincing evidence of two factors:

1. That defendant's release would pose a substantial threat of physical violence to any person; and

2. That no condition or combination of conditions of release will reasonably prevent the physical violence.

13 V.S.A. § 7553a. Based on the evidence available at this stage of the case, the Court concludes that the State has met its burden of proof with respect to proof of a substantial threat of physical violence to the complainant. If defendant returns to the residence without conditions, there is a substantial risk that he will strike or push complainant again. The indications of alcohol abuse and a potential mood disorder support a prediction by the Court that, left untreated and unrestricted by conditions, defendant will continue to engage in the behavior which led to complainant's bruising and fractured arm.

The closer question is whether there are conditions which will reasonably prevent further violence. The evidence is strong that defendant is the type of person who will respect court orders when sober. He has a military background and followed orders in that setting. Both his father and complainant testified that he is likely to follow court orders. He has recently spent over a month in prison and will understand that a violation of conditions of release could return him to jail.

The Court concludes that the State has not met its burden of proof by clear and convincing evidence on this issue. There are a number of conditions available which will reasonably prevent violence in the future. These include residence at defendant's father's house or at an inpatient treatment facility. The risk of violence decreases sharply if defendant no longer resides with complainant. In addition, defendant could be required to participate in treatment through the VA, including residential treatment if accepted.

2

The account of defendant's conduct on February 21 clearly indicates that he suffers from potentially treatable conditions including alcohol abuse and a mood disorder. He does not have a significant prior criminal history. There is a strong likelihood that treatment directed at an acute alcohol problem and some form of mood or emotional disorder will greatly reduce the type of violent incident which led to these charges. The Court finds that defendant should be released subject to the following conditions:

1. No contact with the complainant.

2. No alcohol (standard condition 12).

3. Standard conditions 1, 2, and 3, 14 and 15 (defendant shall not contact or harass complainant Christine Sherman), 31 (stay away from 969 Vt. Route 7A, Shaftsbury, VT), 32 (defendant shall submit to alcosensor upon request of law enforcement), and 17.

4. Release into the custody of defendant's father, Doug McCauley.

5. 24-hour curfew at Doug McCauley's address except for medical and legal appointments and counseling or treatment, including residential treatment if accepted.

6. Defendant shall attend residential treatment at the VA if accepted, and return to Doug McCauley's home upon completion.

## CONCLUSION

The court orders that defendant be released on the above-listed conditions at this time.[*]

FOR THE COURT:

_____
Geoffrey W. Crawford, Associate Justice

---

[*] Defense counsel seeks unspecified additional relief due to the delay in completion of the bail review hearing before the criminal division. This is not an issue which this justice will address in a single-justice opinion.

3